IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONEY TUCK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  2:03CV850-D |
| ) | (WO) |
| STEPHEN BULLARD, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  Introduction and Procedural History**

On August 12, 2003, the petitioner, Toney Tuck ("Tuck"), filed a 28 U.S.C. § 2254 petition for writ of habeas corpus attacking his capital murder conviction entered against him by the Circuit Court of Pike County, Alabama, on May 22, 2000.  He was sentenced to life imprisonment without parole.

On direct appeal, Tuck challenged the trial court's denial of his request to hire an expert. (Attach. to Doc. # 5, Resp.'s Ex. B at 6-10.)  The Alabama Court of Criminal Appeals affirmed Tuck's conviction and issued its certificate of judgment on July 10, 2001.  (Resp.'s Ex. C at 2; Ex. D.)

On April 16, 2002, Tuck filed a state post-conviction petition, pursuant to Rule 32, ALA.R.CRIM.P., asserting that the indictment was void and the state court lacked jurisdiction to adjudicate his case because the element of "intentional killing" was omitted from the indictment. (Resp.'s Ex. E at 10-11.)  The Pike County Circuit Court denied the Rule 32 petition.  (*Id.* at 28-29.)  Tuck appealed the denial of his state post-conviction petition, and on January 7, 2003, the Alabama Court of Criminal Appeals determined that the issues raised in the petition were without

merit and affirmed the Pike County Circuit Court's judgment. (Resp.'s Ex. F at 2.) Tuck filed this instant § 2254 petition on August 12, 2003. (Doc. # 1.)

## II. Discussion

In his federal petition, Tuck's sole contention is that the state court was without jurisdiction to render judgment or impose sentence because the indictment charging him with capital murder did not specifically state that he intended to kill the victim pursuant to § 13A-6-2(a)(1), ALA. CODE 1975. In general, the sufficiency of a state indictment is not properly the subject of federal habeas corpus relief unless the indictment was so deficient that the convicting court was deprived of jurisdiction. *Heath v. Jones*, 863 F.2d 815, 821 (11th Cir. 1989); *DeBenedictis v. Wainwright*, 674 F.2d 841, 842 (11th Cir. 1982). "When it appears . . . that the sufficiency of an indictment was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case, the issue is foreclosed to a federal court." *Murphy v. Beto*, 416 F.2d 98, 100 (5th Cir. 1969). *See also Bueno v. Beto*, 458 F.2d 457, 459 (5th Cir. 1972) (holding that the federal court should not inquire into the wisdom of the state court's judgment where the indictment was upheld on direct appeal to the Texas Court of Criminal Appeals and was found sufficient on review of petitioner's state post-conviction petition). Thus, a determination of the extent of the deficiency of an indictment rests with the state courts. *See Hunt v. Tucker*, 875 F.Supp. 1487, 1522 (N.D. Ala. 1995) ("The question of whether the state courts had jurisdiction is one for those courts.").

In this case, the Alabama Court of Criminal Appeals concluded that Tuck's contention that the indictment was deficient and deprived the court of jurisdiction was without merit because the indictment stated that Tuck "intentionally cause[d] the death" of the victim. (Resp.'s Ex. F at 2.) Tuck filed a petition for writ of certiorari in the Alabama Supreme Court; the Alabama Supreme

Court considered Tuck's petition for writ of certiorari and denied the petition without opinion. (Resp.'s Ex. H.) Therefore, Tuck's challenge to any deficiencies of the indictment was squarely presented to, and rejected by, the Alabama Court of Criminal Appeals and the Alabama Supreme Court. Consequently, to the extent Tuck challenges matters of state law, this court is foreclosed from reviewing his contention.

To the extent Tuck asserts that his constitutional right to due process was violated because the indictment was fatally defective, the court concludes that Tuck's assertion is without merit. The indictment charges that "Toney Deangelo Tuck . . . while firing a deadly weapon from a motor vehicle did intentionally cause the death of Larry Laron Tucker, by shooting him with a deadly weapon, to-wit: a pistol, in violation of Code of Alabama, 1975, Section 13A-5-40(a)(18), against the Peace and Dignity of the State of Alabama." (Attach. to Doc. # 1; Attach. to Doc. # 5, Ex. A at C. 62.) It is clear that the indictment incorporated the elements of the offense of capital murder, including the elements of intentional murder as provided in § 13A-6-2(a)(1).[1] Thus, the indictment sufficiently apprised Tuck of the nature of the charge against him and was not so deficient as to deprive the state court of jurisdiction. This court therefore concludes that Tuck is entitled to no relief with respect to his assertion that he was denied due process due to a fatally defective indictment.

### III. Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and this case be dismissed with prejudice.

---

[1] Section 13A-6-2(a)(1), CODE OF ALABAMA 1975, provides that "[a] person commits the crime of murder if . . . [w]ith intent to cause the death of another person, he causes the death of that person or of another person."

Additionally, it is ORDERED that the parties shall file any objections to this Recommendation on or before May 11, 2005. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done this 27th day of April, 2005.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE